| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>15th  **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY** | **SUMMONS** | | **CASE NUMBER**<br>25-12-532   - NI |

**Court address**
31 Division Street, Coldwater, Michigan 49036

**Court telephone number**
517-279-4328

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| Jason Eichler | v | Lenore Pugh Melinda; and Heyl Truck Lines, Inc.<br><br>DEC 29 '25 AM 10:58 |

Plaintiff's attorney bar number, address, and telephone number
DAVID J. SHEA (P41399) and FRANK T. AIELLO (P41573)
26100 American Drive, 2nd Floor
Southfield, Michigan 48034
248-595-0064

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where
it was given case number _____ and assigned to Judge _____
The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.        **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 12/29/25 | 3/29/26 | Teresa Kubasiak |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  **SUMMONS**
SRA                                               MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF BRANCH

Jason Eichler
    Plaintiff,

vs.

Case No. 25-12-532NI
Hon. P.W. O'Grady

Lenore Pugh Melinda; and Heyl Truck
Lines, Inc.,
    Defendants.
_____/

DAVID J. SHEA (P41399)
FRANK T. AIELLO (P41573)
Shea & Aiello, PLLC
Attorneys for Plaintiffs
26100 American Dr., 2nd Floor
Southfield, MI 48034
(248) 595-0064
_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, by and through his attorneys, SHEA & AIELLO, PLLC, complains against the above-named Defendants as follows:

1. Plaintiff, Jason Eichler (hereinafter "EICHLER") is a resident in the County of Hillsdale, State of Michigan.

2. Defendant, Lenore Pugh Melinda (hereinafter "MELINDA"), is a resident of the City of Brandon, County of Hillsborough, State of Florida.

3. Defendant, Heyl Truck Lines, Inc., (hereinafter "HEYL"), is believed to be an Iowa corporation, with its headquarters in Akron, Iowa, doing business in the County of Branch, State of Michigan.

4. The amount in controversy exceeds Twenty-Five Thousand ($25,000.00) Dollars and this case is within the jurisdiction of this Court because the crash occurred in Branch County.

1

## SALIENT FACTS

5. On October 5, 2025, EICHLER was the driver of a 2007 Honda CR-V driving in a westbound direction on Jonesville Road in the County of Branch, State of Michigan.

6. MELINDA, who was travelling northbound on Fiske Road, failed to stop at the stop sign at the intersection of Jonesville and Gorbell Road, thus causing her semi tractor-trailer to strike EICHLER'S vehicle.

7. Upon information and belief, at the time of the crash, Defendant MELINDA was in the course and scope of her employment with Defendant HEYL, or was acting as the agent of HEYL.

8. Upon information and belief, HEYL was the owner of the semi tractor-trailer operated by MELINDA; said motor vehicle being operated with HEYL'S knowledge and permission, either express or implied, so as to make HEYL liable for any injuries occasioned by the negligent operation of said motor vehicle by MELINDA pursuant to MSA 9.2101; MCLA 257.401.

## COUNT I - NEGLIGENCE

9. Defendants owed a duty to EICHLER to operate the subject semi tractor-trailer in a careful and prudent manner, in accordance with the laws of the State of Michigan and the rules of common law pertaining to the operation of a motor vehicle.

10. Defendants breached their duty to EICHLER in the following particulars:

(a) Negligently failing to operate their vehicle with due care and caution in violation of MCL 257.626 and MCL 257.627;

(b) Negligently driving their vehicle carelessly and heedlessly with disregard for the safety and rights of EICHLER in violation of MCL 257.626 and MCL 257.627;

(c) Negligently failing to keep their vehicle constantly under control MCL 257.626 and MCL 257.627;

(d) Negligently failing to drive their vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger EICHLER in violation of MCL 257.626 and MCL 257.627;

(e) Negligently failing to stop their vehicle at the stop sign when MELINDA knew, or should have known, that failure to do so would naturally and probably result in injury to EICHLER in violation of MCL 257.626 and MCL 257.627;

(f) Negligently failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking EICHLER'S vehicle, in violation of MCL 257.626 and MCL 257.627;

(g) Negligently failing to make timely use of the braking system so as to avoid striking EICHLER'S vehicle in violation of MCL 257.626 and MCL 257.627;

(h) Performing other acts of negligence not yet known to Plaintiff but which will be ascertained through discovery.

11. Notwithstanding the duties and obligations imposed upon Defendants by the statutes of the State of Michigan and the rules of common law, MELINDA omitted and neglected to obey each and all and as a proximate result of the violations thereof, MELINDA negligently caused the semi tractor-trailer she was operating to strike EICHLER'S vehicle, thereby directly causing EICHLER to sustain serious and grievous injuries resulting in serious impairment of body functions and/or permanent serious disfigurements, along with economic losses including present and future wage loss and medical expenses.

12. As a direct and proximate result of Defendants' negligence as hereinbefore alleged, EICHLER sustained severe and grievous injuries including but not limited to: fractured ribs numbers 7 & 8 left side; grade 2 spleen laceration; open displaced comminuted supracondylar fracture of left humerus; open left distal humerus fracture; and left rotator cuff tears. These injuries included involvement of surrounding muscles, tendons, ligaments, soft tissues and nerves, causing pain; discomfort; disability; crippling effect; emotional distress; mental anxiety; loss of the normal

3

enjoyments of life; extensive medical care and treatment; the need to undergo extensive medical care and treatment in the future; the expenses attendant to the past, present and future medical care and treatment; loss of earnings; a loss of earning capacity; and a loss of earnings and earning capacity in the future.

13. At the present time, Plaintiff's injuries have required him to undergo 5 surgeries while he was in Bronson Methodist Hospital between the dates of October 5th and October 15th:

> 10-5: irrigation and debridement as well as external fixation of open left humerus fracture and repair of greater than 50 cm laceration and placing a wound vac and rods to stabilize the arm;
>
> 10-7: irrigation and debridement, changing of the wound vac;
>
> 10-8: irrigation and debridement, cleaning and watching for necrosis of the skin within wound and changing out the wound vac;
>
> 10-10: reconstruction of the broken bones, added three metal plates 19 screws and prepped his thigh for skin grafting, changed out the wound vac; and
>
> 10-13: removal of wound vac, skin grafting from upper thigh to the left upper tricep area to cover an area where lacerations were so great there was not enough skin to cover and suture the wounds.

14. Defendant, MELINDA, at the time of this crash, is believed to have been acting within the course and scope of her employment with Defendant HEYL, who is believed to have owned the semi tractor-trailer being operated by MELINDA, and accordingly, HEYL is vicariously liable for the negligent acts of MELINDA pursuant to respondeat superior liability and pursuant to MSA 9.2101; MCLA 257.401.

15. Defendant, MELINDA, at the time of this crash, is believed to have been the agent of Defendant HEYL, and accordingly, HEYL is liable for the negligent acts of MELINDA, its agent.

4

WHEREFORE, Plaintiff claims judgment against the Defendants for whatever amount Plaintiff is found to be entitled as determined by the trier of fact, together with interest, costs and attorney fees.

### JURY DEMAND

DEMAND FOR TRIAL BY JURY IS HEREBY MADE.

Respectfully Submitted,

SHEA AIELLO, PLLC

*/s/ David J. Shea*
David J. Shea (P41399)
Frank T. Aiello (P41573)
SHEA & AIELLO, PLLC
Attorneys for Plaintiff
26100 American, 2nd Floor
Southfield, MI 48034
248.595-0064

Dated: December 19, 2025